# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT HAMMERSLEY,

                Plaintiff,

     v.                                    Case No. 25-CV-1317

JOSHUA KAUL,

                Defendant.

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

      Currently pending before the court is Robert Hammersley's Request to Proceed in District Court without Prepaying the Filing Fee.

      Having reviewed the plaintiff's request, the court concludes that the plaintiff lacks the financial resources to prepay the fees and costs associated with this action. Therefore, the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

      However, because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

      Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours &*

*Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a plaintiff has stated a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

"Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint, which the court accepts as true at this stage.

Hammersley alleges that he was arrested by the Brown County sheriffs for operating while intoxicated on the morning of March 14, 2018, and he was unlawfully compelled to consent to a blood test. (ECF No. 1 at 4-5.) He asks the court "to examine the current Wisconsin Implied Consent Law's warrant application and voluntariness of the blood test refusal forum." (ECF No. 3 at 1.)

A related criminal case against Hammersley remains pending in Brown County Circuit Court with a jury trial scheduled to begin today, September 2, 2025. (ECF No. 3 at 11.) Insofar as Hammersley is asking this court to intervene in the state court case, the court is barred from doing so. *See Samuels v. Mackell*, 401 U.S. 66, 73 (1971); *Younger v. Harris*, 401 U.S. 37, 54 (1971). Hammersley has failed to demonstrate that any of the narrow exceptions to these abstention doctrines apply. *Cf. Steffel v. Thompson*, 415 U.S. 452, 454 (1974).

Hammersley may ultimately be able to present his claims to this court in the form of a petition for a writ of habeas corpus under 28 U.S.C. § 2254, but to do so he would first have to be convicted and then exhaust his remedies in state court. 28

U.S.C. § 2254(b)(1)(A). Moreover, he must be in custody at the time he files his petition. 28 U.S.C. § 2254(b)(1).

Alternatively, once his state criminal case ends, Hammersley might be able to present a facial challenge to the relevant state law. *See Steffel*, 415 U.S. at 459. However, such a challenge may present problems of ripeness or standing. *See Andree v. Ashland Cty.*, 818 F.2d 1306, 1313 (7th Cir. 1987). But for the time being, the fact of the pending prosecution in state court bars the court from considering Hammersley's claims.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 4) is **granted**.

**IT IS FURTHER ORDERED** that Hammersley's motion for a preliminary injunction (ECF No. 2) is **denied**.

**IT IS FURTHER ORDERED** that Hammersley's complaint and this action are **dismissed**. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 2nd day of September, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge